UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRISTOPHER D. MAHURIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 21-CV-431-TCK-SH |
| BNSF RAILWAY COMPANY, | ) |
| a Delaware Corporation, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Before the Court is Defendant BNSF Railway Company's (Defendant) Motion to Dismiss for Failure to State a Claim (Doc. 11), or Alternatively, Motion for More Definite Statement (Doc. 14). While docketed as two separate motions, Defendant's motion is one, single document. Plaintiff Christopher D. Mahurin (Plaintiff) opposes Defendant's motions, filing separate responses to Defendant's Motion to Dismiss (Doc. 18) and to Defendant's Motion for a More Definite Statement (Doc. 19). Defendant filed a single reply to each of Plaintiff's responses (Doc. 20).

**I. BACKGROUND**

On October 18, 2018, Plaintiff was working as a switchman/conductor for Defendant in its Cherokee Yard in Tulsa, Oklahoma. (Doc. 2 at 2). According to the Complaint, Defendant instructed Plaintiff and his crew to take two locomotives and retrieve a train carrying heavy equipment, which was located on Defendant's old passenger main line, west of Defendant's Crest Crossing. (*Id.*) After coupling the locomotives to the heavy equipment train's locomotive via remote control, Plaintiff walked the train and released brakes on the cars. (*Id.*) Upon reaching the locomotive of the heavy equipment train, he climbed up onto the locomotive platform and

released the brake, then climbed down the ladder on the opposite side of the locomotive. (*Id.*) In the dark and poorly lit Crest Crossing area, the ladder steps were faintly visible to Plaintiff, who was equipped with only a spotlight attached to his vest. (*Id.*) As Plaintiff reached what he perceived to be the bottom step, he attempted to step down and his foot became caught in the sill step, which was recessed and hidden from view beneath the step Plaintiff was dismounting. (*Id.* at 2-3). As a result, Plaintiff alleges that he suffered severe and permanent injuries to his leg, causing past and future medical expenses, lost wages and benefits, and pain and suffering. (*Id.* at 4).

On October 7, 2021, Plaintiff filed suit, asserting four claims against Defendant: 1) negligence under the Federal Employers' Liability Act (FELA), 45 U.S.C. § 51; 2) strict liability under the Federal Locomotive Inspection Act (FLIA), 49 U.S.C. §§ 20701-20703; 3) strict liability under the Federal Safety Appliance Acts (FSAA), 49 U.S.C. §§20301-20306; and 4) strict liability under FELA for Defendant's alleged "violation of one or more safety rules, regulations, and statutes, including Defendant's own rules." (*Id.* 3-4). In response to the Complaint, Defendant filed a Motion to Dismiss for Failure to State a Claim, or Alternatively, Motion for More Definite Statement (Docs. 11, 14). Defendant contends that Plaintiff's factual allegations are deficient, and thus, it cannot adequately respond to the Complaint and prepare a defense. Consequently, Defendant argues, that the Complaint be dismissed without prejudice for Plaintiff to replead his claims with additional factual content. (Docs. 11 at 10; 20 at 7).

## II.  MOTION TO DISMISS LEGAL STANDARD

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's . . . complaint alone is legally sufficient to state a claim for which relief may be granted." *Brokers' Choice of Am., Inc.*

*v. NBC Universal, Inc.*, 757 F.3d 1125, 1135 (10th Cir. 2014) (internal citations omitted). A complaint is legally sufficient only if it contains factual allegations such that it states a claim to relief that "is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (internal citations omitted) (alteration original). Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* For the purpose of making the dismissal determination, a court must accept all the well-pleaded factual allegations of the complaint as true, even if doubtful, and must construe the allegations in the light most favorable to the plaintiff. *See Twombly*, 550 U.S. at 555; *Alvarado v. KOB–TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007).

### III. DISCUSSION

FELA allows railroad employees to bring tort claims against their employers for on-the-job injuries which result from the employers' negligence. *See* 45 U.S.C. § 51. To that end, FELA is meant to provide a broad remedial framework for railroad workers and, in light of that purpose, is to be liberally construed in their favor. *Atchison, Topeka & Santa Fe Ry. v. Buell*, 480 U.S. 557, 562 (1987). The standard for determining the sufficiency of a FELA claim is "significantly broader than the standard applied in common law negligence actions," and "only when there is a complete absence of probative facts to support the conclusion reached does a

reversible error appear." *Standard v. Union Pac. R. Co.*, 198 F.3d 258 (10th Cir. 1999) (quoting *Metcalfe v. Atchison, Topeka and Santa Fe Railway Company*, 491 F.2d 892 (10th Cir. 1973) (alterations and quotations omitted). Further, while the FLIA and FSAA do not confer a private right of action on injured parties, a plaintiff may recover under FELA without further proof of negligence by a defendant by establishing a violation of FLIA or FSAA. *Straub v. BNSF Ry. Co.*, 909 F.3d 1280, 1283-84 (10th Cir. 2018) ("railroad employee injured due to a FLIA violation brings an action through FELA; a[n] FLIA violation substitutes for negligence . . . and creates strict liability") (internal quotations omitted); *Grogg v. Missouri Pac. R. Co.*, 841 F.2d 210, 212 (8th Cir. 1988) (proving violation of FSAA permits recovery under FELA "without further proof of negligence").

While Defendant challenges the sufficiency of all four of Plaintiff's claims, Defendant's chief point of dispute appears to be with Plaintiff's use of a single paragraph detailing the factual allegations, followed by four claims that contain little more than boilerplate recitals of the elements of the claim. (Doc. 11 at 3-12). In essence, Defendant argues that, not only do the Complaint's factual allegations fail to underwrite the elements of each claim, but Plaintiff makes no attempt to connect the legal conclusions in his claims for relief to the factual allegations in the Complaint. (*Id.* at 2-5; Doc. 20 at 1). With respect to Plaintiff's FELA negligence claim, Defendant contends that Plaintiff fails to specify how it allegedly failed to provide a safe workplace, and in particular, how Defendant breached any duty regarding the recessed and hidden sill step—i.e., how Defendant knew or should have known of the condition, the foreseeability of the condition, or how the sill step caused Plaintiff's injury. (Doc. 11 at 5-6). Defendant next takes exception to the FLIA and FSAA strict liability claims, arguing that Plaintiff failed to specify the specific statutory or regulatory rule that Defendant allegedly

4

violated, as would be required to establish a claim under the FLIA and FSAA. (*Id.* at 6-7). Lastly, Defendant challenges the FELA strict liability claim because, while Plaintiff alleges that Defendant "violated one or more safety rules, regulations, and statutes, including [its] own rules," (Doc. 2 at 4), Plaintiff never identifies the particular statute, regulation, or rule in question, (Doc. 11 at 7-8).[1] Consequently, Defendant concludes, Plaintiff's claims for relief are merely formulaic recitals of legal conclusions that neither establish a plausible claim for relief nor put Defendant on sufficient notice of the basis for liability. (*Id.* at 10).

The Court disagrees. The pleading requirements under Fed. R. Civ. P. 8 do not demand specific facts, as Defendant suggests; rather, the "statement need only give the defendant fair notice of what the . . . the claim is and the grounds upon which it rests." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (alteration original)). Although Plaintiff's Complaint leaves something to be desired in terms of specifying all the facts supporting his FELA claim, Plaintiff does allege he was injured while at work because Defendant negligently breached its duty to provide a safe working environment; provide safe tools and equipment; adequately maintain its locomotives and railcars; provide adequate training; adopt and comply with safe work practices; and warn employees of unsafe conditions of locomotive steps. (Doc. 2 at 3). All of the alleged breach of duties can be reasonably inferred based on the factual allegations regarding the hidden sill step, poor lighting, and Plaintiff being unaware of the sill step when dismounting the ladder.

Similarly, with respect to Plaintiff's FSAA and FLIA claims, although the Complaint does not specifically detail each of the implicated statutes and regulations, it references the

---

1. The Court notes that Plaintiff has conceded Defendant's Motion to Dismiss with respect to the fourth count, to the extent that "it alleges violations that are beyond the violations" contained in the FELA negligence, FLIA, and FSAA claims. (Doc. 18 at 2).

"defective sill step" and the statutes that provide the basis for Plaintiff's recovery under FSAA and FLIA. It is plausible that Plaintiff's leg injury was caused by a defective sill step, which would be in violation of the statutes cited in the Complaint under FLIA and FSAA. Accordingly, the Court finds Plaintiff's allegations are sufficient to give fair notice to Defendant as to his negligence claim under FELA as well as his statutory FSAA and FLIA claims. Thus, Defendant's Motion to Dismiss for Failure to State a Claim (Doc. 11) is **DENIED**.

## IV. MOTION FOR MORE DEFINITE STATEMENT

Federal Rule of Civil Procedure 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." "[T]he purpose of a motion under Rule 12(e) is to provide the moving party with a remedy, when faced with an allegation that is so vague that the moving party cannot reasonably prepare a response." *Bhatti v. SSM Health Care of Okla., Inc.*, No. CIV-19-0655-F, 2020 WL 61052, at *3 (W.D. Okla. Jan. 6, 2020). However, motions for a more definite statement are generally discouraged, *Weiszmann v. Kirkland & Ellis*, 732 F. Supp. 1540, 1549 (D. Colo. 1990), and "[i]f Plaintiff's claim in the Complaint is sufficiently definite to enable the Defendant to know what is charged, it is sufficiently definite to overcome a Rule 12(e) Motion," *Feldman v. Pioneer Petroleum, Inc.*, 76 F.R.D. 83, 84 (W.D. Okla. 1977).

Defendant asserts that, because the Complaint fails to specify the specific safety rules, statutes, or regulations it allegedly violated and does not "connect the dots to how [those violations] caused 'severe and permanent injuries,'" it cannot prepare an answer or responsive pleading. (Doc. 11 at 9). The Court is not persuaded. Given that Defendant's brief—of its own accord—cited the regulatory scheme implicated by Plaintiff's FSAA and FLIA claims (Doc. 20

at 6-7), the Court cannot say that the Complaint was so ambiguous as to prevent it from preparing a response. Moreover, as addressed above, the Plaintiff's factual allegations regarding the sill step, conditions at the time of the incident, and his injuries were sufficient for Defendant to prepare a response to those allegations. Accordingly, the Court finds that a more definite statement is unnecessary. Thus, Defendant's Motion for a More Definite Statement (Doc. 14) is **DENIED**.

**SO ORDERED** this 19th day of October, 2022.

TERENCE C. KERN
United States District Judge